UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

CIVIL ACTION NO. 2004 SEP 21 P 3: 42

U.S. DISTRICT COURT
DISTRICT OF MASS.

* * * * * * * * * * * * * * * * *
JO-ANN SOARES,

    Plaintiff,

v.

TRUSTMARK INSURANCE COMPANY,

    Defendant

* * * * * * * * * * * * * * * * *

MAGISTRATE JUDGE Collings

04-12035-NMG

RECEIPT #
AMOUNT $ 150
SUMMONS ISSUED N/A
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. ____
DATE 9/21/04

**NOTICE OF REMOVAL FROM THE NEW BEDFORD DISTRICT COURT OF THE
COMMONWEALTH OF MASSACHUSETTS IN AND FOR BRISTOL COUNTY**

**TO THE HONORABLE JUSTICE OF THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MASSACHUSETTS:**

Your petitioner, Defendant Trustmark Insurance Company ("TRUSTMARK"), respectfully represents the following:

1. Plaintiff Jo-Ann Soares ("Soares") commenced the above entitled action in the District Court Department of the Trial Court of the Commonwealth of Massachusetts, Bristol County, New Bedford Division, by filing in said Court a Complaint, her initial pleading, setting forth the claim for relief on which the action is based. A copy of said Complaint is filed herewith.

2. Trustmark received copies of the Complaint and Summons on August 30, 2004. Accordingly, this Notice of Removal is filed in this Court within 30 days after the receipt by Trustmark of a copy of the initial pleading setting

forth the claim for relief upon which the action is based, and the time for filing this Notice of Removal under the applicable Statute of the United States, 28 U.S.C. §1446(b), has not yet expired.

3. This action is of a civil nature and the amount in controversy, including actual and punitive damages as well as attorneys fees, exceeds $75,000. For the following reasons, the $75,000 jurisdictional amount in controversy is satisfied. <u>First</u>, in a two count Complaint alleging breach of contract and violation of M.G.L. Chapters 93A and 176D (Complaint ¶¶17-22), Plaintiff Soares claims damages of $60,000 to date for actual damages ($20,000) well as punitive damages ($40,000) pursuant to M.G.L. Chapter 93A, Sections 2 and 9. Punitive damages are included in determining the amount in controversy. <u>See</u> <u>Bell v. Preferred Life Assurance Society</u>, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.").

4. <u>Second</u>, Plaintiff Soares further seeks attorneys' fees under M.G.L. Chapter 93A, Sections 2 and 9. As with punitive damages, it is well established that "where a statute mandates or allows the payment of such fees" they are included in determining the amount in controversy. <u>Velez v. Crown Life Insurance Company</u>, 599 F.2d 471, 474 (1st Cir. 1979). Here, the $60,000 in actual and punitive damages Plaintiff Soares specifically demands in her Complaint, plus an additional $15,000 reasonably anticipated for Plaintiff's attorneys fees

in this matter, satisfies the $75,000 amount in controversy requirement. Trustmark will vigorously defend Plaintiff's Soares' claim that she is entitled to life insurance benefits even though she alleges that the incorrect statements she made about her husband's health on the life insurance application were not "wilfully false, fraudulent or misleading." **(Complaint ¶¶13-14)**. Where, like Plaintiff Soares here, the plaintiff demands attorneys' fees in the prayer for relief in the Complaint, the fees are to be added to satisfy the "requisite amount for jurisdiction to vest" in the federal courts. <u>Billings & Co., Inc. V. Pine Street Realty Associates Limited Partnership</u>, 754 F. Supp. 10, 14 (D.R.I. 1990)(Prayer in complaint for attorneys' fees should be added to the *ad damnum*; the requisite amount for jurisdiction to vest in the federal court is thereby satisfied). Whether the state statute allowing for attorneys' fees is discretionary or mandatory, fees are still used to satisfy the jurisdictional amount. <u>See</u> <u>Velez v. Crown Life Insurance Company</u>, 599 F.2d 471, 474 (1st Cir. 1979); <u>Grant v. Chevron Phillips Chem. Co.</u>, 309 F.3d 864 (5th Cir. 2002), cert. denied, 538 U.S. 945; <u>Galt G/S v. JSS Scandinavia</u>, 142 F.3d 1150 (9th Cir. 1998). In any event, the provisions of M.G.L. Chapter 93A, Section 9(4) provide that the Court "shall" award fees where the defendant has violated the statute and has not made a reasonable settlement offer within the 30 days allowed under the act. <u>See</u> M.G.L. c. 93A, §9(4). Plaintiff Soares alleges that Trustmark has violated the statute, has made no reasonable settlement

offer **(Complaint ¶ 21)** and, therefore, is liable to her for attorneys fees as well as treble damages. **(Complaint, Prayer for Relief).** Accordingly, in this case the Court is required under the statute to award fees if Plaintiff Soares prevails in her claim in that regard.

5. The action involves a controversy which is wholly between citizens of different states.

6. Plaintiff Soares is, and was at the time of the commencement of said action, a citizen of Bristol County, Massachusetts.

7. Defendant Trustmark is, and was at the time of the commencement of said action, a corporation duly organized under the laws of the State of Illinois and having at said time its principal place of business in said State of Illinois. Trustmark is, and was at the time of the commencement of said action, a citizen of said State of Illinois and not a citizen of the Commonwealth of Massachusetts.

8. A true and complete copy of this Notice of Removal will be filed with the Clerk of the New Bedford District Court in Bristol County, Massachusetts, as provided by law.

9. There is filed herewith, and by reference made a part hereof, a true and correct copy of all process and pleadings served upon Trustmark in this action.

WHEREFORE, the petitioner, Trustmark Insurance Company, prays that it may effect the removal of this action from the Courts of the Commonwealth of Massachusetts to this Court

pursuant to Title 28, United States Code, sections 1332, 1441, and 1446.

                                       TRUSTMARK INSURANCE COMPANY
                                       By its attorney,

September 21, 2004               Stephen A. Roach, BBO#542138
                                       ROACH & WISE, LLP
                                       31 State Street
                                       Boston, MA  02109-2705
                                       (617) 723-2800

### DECLARATION OF STEPHEN A. ROACH

I, Stephen A. Roach, hereby declare that I am the attorney in this matter for Defendant for Defendant Trustmark Insurance Company, which is a corporation incorporated under the laws of the State of Illinois and having its principal place of business in Illinois and that as Trustmark's attorney I make this petition for an on Trustmark's behalf, that I have read this Notice of Removal, that I know the contents thereof, and that the same are true.

Pursuant to 28 U.S.C. §1746, I declare under the penalties of perjury that the foregoing is true and correct. Executed this 21st day of September, 2004.

                                         Stephen A. Roach

### CERTIFICATE OF SERVICE

I, Stephen A. Roach, Attorney for the Defendant Trustmark Insurance Company, hereby certify that on September 21, 2004, I served the within document by causing a copy of same to be mailed to the attorney for the Plaintiff by first class mail.

                                         Stephen A. Roach